Lori Jo VINCENT, Ruth Ann Gutierrez, Linda U. Garrido, and John Garrido on behalf of themselves and all others similarly situated, Plaintiffs,

v.

The MONEY STORE, TMS Mortgage, Inc., Homeq Servicing Corp., and Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, Defendants.

No. 03 CIV. 2876(JES).

United States District Court, S.D. New York.

Dec. 7, 2005.

Law Offices of Mark Samuel Kaufman (Mark Samuel Kaufman, Esq., Of Coun-sel), New York City, for Plaintiffs Lori Jo Vincent, Ruth Ann Gutierrez, Linda U. Garrido, and John Garrido.

Pollack & Kaminsky (Martin I. Kaminsky, Esq., Of Counsel), New York City, for Defendants The Money Store, TMS Mortgage, Inc., Homeq Servicing Corp., and Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, LLP.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiffs Lori Jo Vincent, Ruth Ann Gutierrez, Linda U. Garrido, and John Garrido ("plaintiffs") bring the above-captioned action on behalf of themselves and all others similarly situated against defendants The Money Store, TMS Mortgage Inc., HomEq Servicing Corp.[1] ("The Money Store"), and Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis") (collectively "defendants"), alleging violations by The Money Store of the Fair Debt Collection Practices Act ("FDCPA") and the Truth–in–Lending Act ("TILA"), and asserting various state law claims against both The Money Store and Moss Codilis. Defendants move to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court converts The Money Store defendants' motion to dismiss plaintiffs' FDCPA claim into a motion for summary judgment, and grants such motion. The Court further denies defendants' motions to dismiss plaintiffs' remaining claims.

## DISCUSSION

### FDCPA Claim

The FDCPA claim in this case presents an almost identical situation to that in

---

[1]. TMS Mortgage, Inc. is a subsidiary of The Money Store, Inc. See Compl. ¶ 10. The Money Store is apparently now known as HomEq Servicing Corp. See id. ¶ 11.

*Mazzei v. The Money Store*, 349 F.Supp.2d 651 (S.D.N.Y.2004), a case this Court previously decided. In that case plaintiff brought an FDCPA claim against his creditor, The Money Store, claiming The Money Store should be considered a debt collector under the false name exception found in the FDCPA, 15 U.S.C. § 1592a(6). Plaintiff argued that the law firm hired by The Money Store to assist in the debt collection process, Moss Codilis, exercised no legal judgment in generating breach letters sent to plaintiff and thousands of others, thereby rendering creditor The Money Store the true debt collector under the false name exception contained in the FDCPA. *Mazzei,* 349 F.Supp.2d at 654. The Money Store moved for summary judgment, and the Court granted its motion on the FDCPA claim, holding that "plaintiff does not sufficiently allege that The Money Store used Moss Codilis' name to collect its debts, pretended to be Moss Codilis or used an alias to that effect, or that The Money Store 'controlled almost every aspect' of Moss Codilis' debt collection practice, rendering Moss Codilis defendants' alter ego," as is required to fit within the FDCPA false name exception. *Id.* at 661. This Court concluded "as a matter of law that The Money Store is not a debt collector." *Id.* The Second Circuit denied plaintiffs' motion for leave to file an interlocutory appeal of that decision.

In the current case, plaintiffs likewise bring an FDCPA claim against The Money Store, alleging that "The Money Store Defendants are debt collectors within the meaning of 15 U.S.C. § 1692a because, in the process of collecting their own debts, they used a name other than their own to indicate that a third person was collecting or attempting to collect such debts." Compl. ¶ 43. More specifically, the Complaint alleges that "Defendants sought to convey the false impression that [Moss Codilis] was significantly involved in attempting to collect the debt on its behalf, when in reality Money Store was attempting to collect its own debts...." Compl. ¶ 20. The plaintiff in *Mazzei* made the same allegations.

■ The Money Store moved to dismiss this claim. Both parties in this action attach, in support of their motion papers, documents and depositions obtained from discovery in the *Mazzei* action. *See* Defs.' Notice of Mot. for Summ. J., dated May 7, 2003; Pls.' Decl. in Opp'n to Defs.' Mot. to Dismiss, dated Nov. 12, 2003. It is therefore appropriate for the Court to construe such motion as a motion for summary judgment, and the parties are presumed to be aware of the possibility of conversion where the non-moving party submits matters outside the pleadings in response to the motion to dismiss. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir.2002) (converting motion to dismiss to motion for summary judgment appropriate where extra-pleading material is considered).

The Court has previously considered the argument made by plaintiffs in the same context and determined as a matter of law that The Money Store does not qualify as a debt collector under the FDCPA's false name exception. Therefore, for the reasons already stated in this Court's decision in *Mazzei,* 349 F.Supp.2d 651, the Court grants summary judgment to The Money Store as to plaintiffs' FDCPA claim.

**Remaining Claims**

Defendants also move to dismiss plaintiffs' remaining claims for violations of TILA and the California Business and Professional Code, common law fraud, unjust enrichment, and breach of contract. In considering a motion to dismiss, a court must accept as true all factual allegations set forth in the complaint and draw all

reasonable inferences in favor of the plaintiff. *Rombach v. Chang,* 355 F.3d 164, 169 (2d Cir.2004). Dismissal is only appropriate where it "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan,* 235 F.3d 80, 83 (2d Cir.2000).

### TILA Claim

■ Plaintiffs assert that The Money Store defendants violated TILA by charging unauthorized fees and expenses in excess of that permitted under California law, and failing to "credit Plaintiffs for such excess charges in violation of 15 U.S.C. § 1666d and 12 CFR § 226.21." Compl. ¶ 48. 15 U.S.C. § 1666d and 12 CFR § 226.21 only apply where there is a credit balance in excess of $1 in the debtor's account. Defendants argue that because plaintiffs failed to allege that there was ever a credit balance in their accounts, the TILA claim is "necessarily baseless." *See* The Money Store's Mot. to Dismiss, dated Oct. 15, 2003, at 11.

The Complaint, however, clearly alleges that the Money Store's failure to credit plaintiffs for the excess charges amounted to a violation of 15 U.S.C. § 1666d and 12 C.F.R. § 226.21. The allegation that there was a credit balance over $1 in their accounts is thus implicit in plaintiffs' TILA claim. Plaintiffs are not required to plead this cause of action with any greater specificity. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Examining the complaint liberally and drawing all reasonable inferences in favor of the non-moving party, plaintiffs have stated a valid claim under TILA. The Court therefore denies defendants' motion to dismiss plaintiffs' TILA claims, without prejudice subject to being renewed upon completion of discovery.

### State Law Claims

At this time the Court further denies each of the defendants' motions to dismiss plaintiffs' remaining state law claims without prejudice subject to being renewed upon completion of discovery.

### CONCLUSION

For all of the aforementioned reasons, the Court grants The Money Store Defendants' Motion for Summary Judgment as to the FDCPA claim, and denies defendants' motions to dismiss all remaining claims.

All discovery pertaining to plaintiffs' TILA claim against The Money Store shall be completed no later than ninety (90) days from the entry of this Memorandum Opinion and Order. Discovery on plaintiffs' state law claims against both parties shall be and hereby is stayed. A Pre-Trial Conference in this action shall occur on December 19, 2005 at 3:00 p.m. in Courtroom 705, 40 Centre Street.

It is **SO ORDERED.**